**GREAT WESTERN SHOWS, INC., a Texas corporation, Plaintiff— Appellee,**

v.

**LOS ANGELES COUNTY, Defendant—Appellant.**

No. 99–56605.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 10, 2000.

Submission Vacated Sept. 12, 2000.

Resubmitted July 30, 2002.

Decided Aug. 1, 2002.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, O'SCANNLAIN, and GOULD, Circuit Judges.

### MEMORANDUM *

Los Angeles County appeals from the district court's grant of a preliminary injunction barring enforcement of a County ordinance that prohibits the sale of firearms and ammunition on County property. The district court granted the preliminary injunction based on its conclusion that Great Western raised substantial questions as to whether state law preempted the Ordinance and as to whether the County possessed the power to regulate gun sales on County property within the incorporated City of Pomona. We certified these state law issues to the California Supreme Court. *Great W. Shows, Inc. v. Los Angeles County*, 229 F.3d 1258 (9th Cir.2000).

The California Supreme Court's answer to our certified question has persuaded us that the district court abused its discretion in granting the injunction on these bases.[1] The district court "necessarily abuse[d] its discretion if it based its ruling on an erroneous view of the law." *Brookfield Communications, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir.1999) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)) (internal quotation marks omitted). California state law does not preempt the Ordinance. *Great W. Shows, Inc. v. County of Los Angeles*, 27 Cal.4th 853, 118 Cal.Rptr.2d 746, 44 P.3d 120, 131 (Cal.2002). Nor does the fact that the fairgrounds on which Great Western

seeks to hold its gun shows are located within the City of Pomona prevent the County from applying the Ordinance to that property. *Id.* at 131–32. We accordingly must reverse the decision of the district court.

Great Western urges us to affirm the preliminary injunction on the alternative grounds that the Ordinance violates its rights under the First Amendment and the Equal Protection Clause and is void for vagueness. The district court did not rule on these arguments, and we decline to do so in the first instance. Great Western may renew these contentions on remand.

REVERSED AND REMANDED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Our use of the certification procedure has also mooted the suggestion that *Pullman* abstention, *see R.R. Comm'n v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), would be appropriate in this case; the poten-

tially determinative state law issue has now been definitively resolved. *E.g., Cedar Shake & Shingle Bureau v. City of Los Angeles*, 997 F.2d 620, 622 (9th Cir.1993). *See generally City of Houston v. Hill*, 482 U.S. 451, 475 n. 2, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987) (Powell, J., concurring in the judgment in part and dissenting in part) (discussing advantages of certification over abstention).